**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

TANLING TSAO, DI ZHANG, JOSEPH KIR,
and YOUXIN ZOU, individually and on behalf of
others similarly situated,

                    Plaintiffs,

          -against-

HARVEST FINANCIAL & INSURANCE
SERVICE LLC, HARVEST FINANCIAL
GROUP, INC., WEALTHTOP ADVISORS
GROUP, INC., XUEFENG GAO a/k/a ELLEN
GAO, QIJUN CHEN a/k/a JENNY CHEN,
YUWU LIU a/k/a LEO LIU, and John and Jane
Does 1-10

                    Defendants.

**Case No.: 1:25-cv-01498-KAM-CLP**

**DEFENDANTS' ANSWER AND
DEFENSES TO THE AMENDED
COMPLAINT**

---

       Defendants Harvest Financial & Insurance Service, LLC, Harvest Financial Group, Inc.,

Wealthtop Advisors Group, Inc., Xuefeng Gao a/k/a Ellen Gai, Qijun Chen a/k/a Jeny Chen, Yuwu

Liu a/k/a Leo Liu (collectively, "Defendants"), by and through their undersigned attorneys at

Jackson Lewis P.C., respectfully submit the following Answer and Affirmative Defenses to the

Amended Complaint (the "Amended Complaint") filed by the Plaintiffs Tanling Tsao, Di Zhang,

Joseph Kir, and Youxiu Zou (collectively, "Plaintiffs") in the above-captioned action.

## AS TO "SUMMARY OF CLAIM"

       1.     Defendants do not dispute that Plaintiffs purport to proceed as set forth in Paragraph

"1" of the Amended Complaint, but otherwise deny the allegations set forth therein.

       2.     Defendants deny the allegations set forth in Paragraph "2" of the Amended

Complaint.

1

3. No response is required to the extent the allegations set forth in Paragraph "3" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "3" of the Amended Complaint.

4. No response is required to the extent the allegations set forth in Paragraph "4" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "4" of the Amended Complaint..

## AS TO "JURISDICTION AND VENUE"

5. No response is required to the extent the allegations set forth in Paragraph "5" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "5" of the Amended Complaint, and specifically deny that the Court can or should exercise supplemental jurisdiction over Plaintiff's state law claims. Defendants aver that jurisdiction is properly exercised over Plaintiff's federal claims.

6. No response is required to the extent the allegations set forth in Paragraph "6" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "6" of the Amended Complaint, but aver that, to the extent jurisdiction properly is exercised, venue is proper in this District.

## AS TO "PARTIES"

7. Defendants deny the allegations in paragraph "7" of the Amended Complaint.

8. Defendants deny the allegations in paragraph "8" of the Amended Complaint.

9. Defendants deny the allegations in paragraph "9" of the Amended Complaint.

10. Defendants deny the allegations in paragraph "10" of the Amended Complaint.

11. Defendants admit the allegations in paragraph "11" of the Amended Complaint.

12. Defendants deny the allegations in paragraph "12" of the Amended Complaint.

13. Defendants admit the allegations in paragraph "13" of the Amended Complaint.

14. Defendants deny the allegations in paragraph "14" of the Amended Complaint.

15. Defendants deny the allegations in paragraph "15" of the Amended Complaint.

16. Defendants admit the allegations in paragraph "16" of the Amended Complaint.

17. Defendants admit the allegations in paragraph "17" of the Amended Complaint.

18. Defendants admit the allegations in paragraph "18" of the Amended Complaint.

19. Defendants do not dispute that Plaintiffs purport to proceed as set forth in Paragraph "19" of the Amended Complaint, but otherwise deny the allegations set forth therein.

20. Defendants deny the allegations in paragraph "20" of the Amended Complaint.

21. Defendants deny the allegations in paragraph "21" of the Amended Complaint except aver that Defendants Harvest Financial & Insurance Service, LLC, Harvest Financial Group, Inc., and Wealthtop Advisors Group, Inc. each have annual gross volume of sales or business of at least $500,000 in the last three years.

22. Defendants deny the allegations in paragraph "22" of the Amended Complaint.

## AS TO "STATEMENT OF FACTS"

23.     Defendants deny the allegations in paragraph "23" of the Amended Complaint.

24.     Defendants deny the allegations in paragraph "24" of the Amended Complaint.

25.     Defendants deny the allegations in paragraph "25" of the Amended Complaint.

26.     Defendants deny the allegations in paragraph "26" of the Amended Complaint.

27.     Defendants deny the allegations in paragraph "27" of the Amended Complaint.

28.     Defendants deny the allegations in paragraph "28" of the Amended Complaint.

29.     Defendants deny the allegations in paragraph "29" of the Amended Complaint.

30.     Defendants deny the allegations in paragraph "30" of the Amended Complaint.

31.     Defendants deny the allegations in paragraph "31" of the Amended Complaint.

32.     Defendants deny the allegations in paragraph "32" of the Amended Complaint.

33.     Defendants deny the allegations in paragraph "33" of the Amended Complaint.

34.     Defendants deny the allegations in paragraph "34" of the Amended Complaint.

35.     Defendants deny the allegations in paragraph "35" of the Amended Complaint.

36.     Defendants deny the allegations in paragraph "36" of the Amended Complaint.

37.     Defendants deny the allegations in paragraph "37" of the Amended Complaint.

38.     Defendants deny the allegations in paragraph "38" of the Amended Complaint.

39.     Defendants deny the allegations in paragraph "39" of the Amended Complaint.

40.     Defendants deny the allegations in paragraph "40" of the Amended Complaint.

41.     Defendants deny the allegations in paragraph "41" of the Amended Complaint.

42.     Defendants deny the allegations in paragraph "42" of the Amended Complaint.

43.     Defendants deny the allegations in paragraph "43" of the Amended Complaint.

44.     Defendants deny the allegations in paragraph "44" of the Amended Complaint.

45.     Defendants deny the allegations in paragraph "45" of the Amended Complaint.

46.     Defendants deny the allegations in paragraph "46" of the Amended Complaint.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "47" of the Amended Complaint, and therefore leave Plaintiffs to their proof.

48.     Defendants deny the allegations in paragraph "48" of the Amended Complaint.

49.     Defendants deny the allegations in paragraph "49" of the Amended Complaint.

50.     Defendants deny the allegations in paragraph "50" of the Amended Complaint.

51.     Defendants deny the allegations in paragraph "51" of the Amended Complaint.

52.     Defendants deny the allegations in paragraph "52" of the Amended Complaint.

53.     Defendants deny the allegations in paragraph "53" of the Amended Complaint.

54.     Defendants deny the allegations in paragraph "54" of the Amended Complaint.

55.     Defendants deny the allegations in paragraph "55" of the Amended Complaint.

56.     Defendants deny the allegations in paragraph "56" of the Amended Complaint.

57.     Defendants deny the allegations in paragraph "57" of the Amended Complaint.

58.     Defendants deny the allegations in paragraph "58" of the Amended Complaint.

59.     Defendants deny the allegations in paragraph "59" of the Amended Complaint.

60.     Defendants deny the allegations in paragraph "60" of the Amended Complaint.

61.     Defendants deny the allegations in paragraph "61" of the Amended Complaint.

62.     Defendants deny the allegations in paragraph "62" of the Amended Complaint.

63.     Defendants deny the allegations in paragraph "63" of the Amended Complaint.

64.     Defendants deny the allegations in paragraph "64" of the Amended Complaint.

65.     Defendants deny the allegations in paragraph "65" of the Amended Complaint.

66.     Defendants deny the allegations in paragraph "66" of the Amended Complaint.

67.     Defendants deny the allegations in paragraph "67" of the Amended Complaint.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "68" of the Amended Complaint, and therefore leave Plaintiffs to their proof.

69.    Defendants deny the allegations in paragraph "69" of the Amended Complaint.

70.    Defendants deny the allegations in paragraph "70" of the Amended Complaint.

71.    Defendants deny the allegations in paragraph "71" of the Amended Complaint.

72.    Defendants deny the allegations in paragraph "72" of the Amended Complaint.

73.    Defendants deny the allegations in paragraph "73" of the Amended Complaint.

74.    Defendants deny the allegations in paragraph "74" of the Amended Complaint.

75.    Defendants deny the allegations in paragraph "75" of the Amended Complaint.

76.    Defendants deny the allegations in paragraph "76" of the Amended Complaint.

77.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "77" of the Amended Complaint, and therefore leave Plaintiffs to their proof.

78.    Defendants deny the allegations in paragraph "78" of the Amended Complaint.

79.    Defendants deny the allegations in paragraph "79" of the Amended Complaint.

80.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "80" of the Amended Complaint, and therefore leave Plaintiffs to their proof.

81.    Defendants deny the allegations in paragraph "81" of the Amended Complaint.

82.    Defendants deny the allegations in paragraph "82" of the Amended Complaint.

83.    Defendants deny the allegations in paragraph "83" of the Amended Complaint.

84.    Defendants deny the allegations in paragraph "84" of the Amended Complaint.

85.    Defendants deny the allegations in paragraph "85" of the Amended Complaint.

86.    Defendants deny the allegations in paragraph "86" of the Amended Complaint.

87.    Defendants deny the allegations in paragraph "87" of the Amended Complaint.

88.    Defendants deny the allegations in paragraph "88" of the Amended Complaint.

89.    Defendants deny the allegations in paragraph "89" of the Amended Complaint.

90.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "90" of the Amended Complaint, and therefore leave Plaintiffs to their proof.

91.    Defendants deny the allegations in paragraph "91" of the Amended Complaint.

92.    Defendants deny the allegations in paragraph "92" of the Amended Complaint.

93.    Defendants deny the allegations in paragraph "93" of the Amended Complaint.

94.    Defendants deny the allegations in paragraph "94" of the Amended Complaint.

95.    Defendants deny the allegations in paragraph "95" of the Amended Complaint.

96.    Defendants deny the allegations in paragraph "96" of the Amended Complaint.

97.    Defendants deny the allegations in paragraph "97" of the Amended Complaint.

98.     Defendants deny the allegations in paragraph "98" of the Amended Complaint.

99.     Defendants deny the allegations in paragraph "99" of the Amended Complaint.

100.    Defendants deny the allegations in paragraph "100" of the Amended Complaint.

101.    Defendants deny the allegations in paragraph "101" of the Amended Complaint.

102.    Defendants deny the allegations in paragraph "102" of the Amended Complaint.

103.    Defendants deny the allegations in paragraph "103" of the Amended Complaint.

104.    Defendants deny the allegations in paragraph "104" of the Amended Complaint.

105.    Defendants deny the allegations in paragraph "105" of the Amended Complaint.

106.    Defendants deny the allegations in paragraph "106" of the Amended Complaint.

107.    Defendants deny the allegations in paragraph "107" of the Amended Complaint.

108.    Defendants deny the allegations in paragraph "108" of the Amended Complaint.

109.    Defendants deny the allegations in paragraph "109" of the Amended Complaint.

## AS TO "COLLECTIVE AND CLASS ACTION ALLEGATIONS"

110.    Defendants do not dispute that Plaintiffs purport to proceed as set forth in Paragraph "110" of the Amended Complaint, but otherwise deny the allegations set forth therein.

111.    Defendants deny the allegations in paragraph "111" of the Amended Complaint.

112.    Defendants deny the allegations in paragraph "112" of the Amended Complaint.

113. Defendants deny the allegations in paragraph "113" of the Amended Complaint.

114. Defendants deny the allegations in paragraph "114" of the Amended Complaint.

115. Defendants deny the allegations in paragraph "115" of the Amended Complaint.

116. Defendants do not dispute that Plaintiffs purport to proceed as set forth in Paragraph "116" of the Amended Complaint, but otherwise deny the allegations set forth therein.

117. Defendants do not dispute that Plaintiffs purport to proceed as set forth in Paragraph "117" of the Amended Complaint, but otherwise deny the allegations set forth therein.

118. Defendants deny the allegations in paragraph "118" of the Amended Complaint.

119. Defendants deny the allegations in paragraph "119" of the Amended Complaint.

120. Defendants deny the allegations in paragraph "120" of the Amended Complaint.

121. Defendants deny the allegations in paragraph "121" of the Amended Complaint.

122. Defendants deny the allegations in paragraph "122" of the Amended Complaint.

123. Defendants deny the allegations in paragraph "123" of the Amended Complaint.

124. Defendants deny the allegations in paragraph "124" of the Amended Complaint.

125. Defendants deny the allegations in paragraph "125" of the Amended Complaint.

**AS TO "CAUSE OF ACTIONS FIRST CLAIM FOR RELIEF"**
**[Violations of the Fair Labor Standards Act-Failure to Pay Minimum Wage]**

126. Defendants repeat and reallege each of their responses to Paragraphs 1 through 125 of the Amended Complaint as if set forth fully herein.

127. Defendants deny the allegations in paragraph "127" of the Amended Complaint.

128. No response is required to the extent the allegations set forth in Paragraph "128" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "128" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

129. No response is required to the extent the allegations set forth in Paragraph "129" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "129" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

## AS TO "SECOND CLAIM FOR RELIEF"
### [Violation of New York Law Law-Failure to Pay Minimum Wage]

130. Defendants repeat and reallege each of their responses to Paragraphs 1 through 129 of the Amended Complaint as if set forth fully herein.

131. No response is required to the extent the allegations set forth in Paragraph "131" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "131" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

132.     Defendants deny the allegations in paragraph "132" of the Amended Complaint.

133.     No response is required to the extent the allegations set forth in Paragraph "133" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "133" of the Amended Complaint.

134.     No response is required to the extent the allegations set forth in Paragraph "134" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "134" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

**AS TO "THIRD CLAIM FOR RELIEF"**
**[Violations of the Fair Labor Standards Act-Failure to Pay Overtime]**

135.     Defendants repeat and reallege each of their responses to Paragraphs 1 through 134 of the Amended Complaint as if set forth fully herein.

136.     No response is required to the extent the allegations set forth in Paragraph "136" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "136" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

137.     No response is required to the extent the allegations set forth in Paragraph "137" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "137" of the Amended Complaint and refer

the Court to the statutory provision referenced therein for a true and correct statement of its contents.

138.    No response is required to the extent the allegations set forth in Paragraph "138" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "138" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

139.    No response is required to the extent the allegations set forth in Paragraph "139" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "139" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

140.    No response is required to the extent the allegations set forth in Paragraph "140" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "140" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

141.    No response is required to the extent the allegations set forth in Paragraph "141" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "141" of the Amended Complaint.

142.   No response is required to the extent the allegations set forth in Paragraph "142" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "142" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

### AS TO "FOURTH CLAIM FOR RELIEF"
### [Violations of New York Labor Law-Failure to Pay Overtime]

143.   Defendants repeat and reallege each of their responses to Paragraphs 1 through 142 of the Amended Complaint as if set forth fully herein.

144.   No response is required to the extent the allegations set forth in Paragraph "144" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "144" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

145.   Defendants deny the allegations in paragraph "145" of the Amended Complaint.

146.   No response is required to the extent the allegations set forth in Paragraph "146" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "146" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

14

147.    No response is required to the extent the allegations set forth in Paragraph "147" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "147" of the Amended Complaint.

## AS TO "FIFTH CLAIM FOR RELIEF"
### [Violations of New York Labor Law-Spread of Hour Payment]

148.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 147 of the Amended Complaint as if set forth fully herein.

149.    No response is required to the extent the allegations set forth in Paragraph "149" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "149" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

150.    No response is required to the extent the allegations set forth in Paragraph "150" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "150" of the Amended Complaint.

151.    No response is required to the extent the allegations set forth in Paragraph "151" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "151" of the Amended Complaint.

## AS TO "SIXTH CLAIM FOR RELIEF"
### [Violations of New York Labor Law-Failure to Provide Wage Notice]

152.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 151 of the Amended Complaint as if set forth fully herein.

153.    No response is required to the extent the allegations set forth in Paragraph "153" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "153" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

154.    No response is required to the extent the allegations set forth in Paragraph "154" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "154" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

155.    No response is required to the extent the allegations set forth in Paragraph "155" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "155" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

156.    No response is required to the extent the allegations set forth in Paragraph "156" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "156" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

## AS TO "SEVENTH CLAIM FOR RELIEF"
**[Violations of New York Labor Law-Failure to Provide Wage Statements]**

157.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 156 of the Amended Complaint as if set forth fully herein.

158.    No response is required to the extent the allegations set forth in Paragraph "158" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "158" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

159.    No response is required to the extent the allegations set forth in Paragraph "159" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "159" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

160.    No response is required to the extent the allegations set forth in Paragraph "160" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "160" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

## AS TO "EIGHTH CLAIM FOR RELIEF"
**[Violation of New York Labor Law—UNLAWFULLY DEDUCTED SALARIES]**

161.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 160 of the Amended Complaint as if set forth fully herein.

17

162.    No response is required to the extent the allegations set forth in Paragraph "162" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "162" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

163.    No response is required to the extent the allegations set forth in Paragraph "163" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "163" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

## AS TO "NINTH CLAIM FOR RELIEF"
### [ACCOUNTING]

164.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 163 of the Amended Complaint as if set forth fully herein.

165.    No response is required to the extent the allegations set forth in Paragraph "165" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "165" of the Amended Complaint.

166.    Defendants deny the allegations in paragraph "166" of the Amended Complaint.

## AS TO "TENTH CLAIM FOR RELIEF"
### [CONVERSION]

167.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 166 of the Amended Complaint as if set forth fully herein.

168.    Defendants deny the allegations in paragraph "168" of the Amended Complaint.

169.    Defendants deny the allegations in paragraph "169" of the Amended Complaint.

170.    No response is required to the extent the allegations set forth in Paragraph "170" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "170" of the Amended Complaint.

171.    Defendants deny the allegations in paragraph "171" of the Amended Complaint.

172.    Defendants deny the allegations in paragraph "172" of the Amended Complaint.

173.    Defendants deny the allegations in paragraph "173" of the Amended Complaint.

174.    No response is required to the extent the allegations set forth in Paragraph "174" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "174" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

## AS TO "ELEVENTH CLAIM FOR RELIEF"
### [VIOLATION OF SECTION 215(A)(3) OF THE FLSA RETALIATION FOR PROTECTED ACTIVITIES]

175.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 174 of the Amended Complaint as if set forth fully herein.

176.    No response is required to the extent the allegations set forth in Paragraph "176" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "176" of the Amended Complaint and refer

the Court to the statutory provision referenced therein for a true and correct statement of its contents.

177.   No response is required to the extent the allegations set forth in Paragraph "177" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "177" of the Amended Complaint.

178.   No response is required to the extent the allegations set forth in Paragraph "178" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "178" of the Amended Complaint.

179.   No response is required to the extent the allegations set forth in Paragraph "179" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "179" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

180.   No response is required to the extent the allegations set forth in Paragraph "180" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "180" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

181.   No response is required to the extent the allegations set forth in Paragraph "181" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "181" of the Amended Complaint and refer

the Court to the statutory provision referenced therein for a true and correct statement of its contents.

**AS TO "TWENTIETH CLAIM FOR RELIEF"**
**[VIOLATION OF SECTION 215.1(A)(III) OF THE NYLL— RETALIATION]**

182.    Defendants repeat and reallege each of their responses to Paragraphs 1 through 181 of the Amended Complaint as if set forth fully herein.

183.    No response is required to the extent the allegations set forth in Paragraph "183" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "183" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

184.    No response is required to the extent the allegations set forth in Paragraph "184" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "184" of the Amended Complaint.

185.    No response is required to the extent the allegations set forth in Paragraph "185" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "185" of the Amended Complaint and refer the Court to the statutory provision referenced therein for a true and correct statement of its contents.

186.    No response is required to the extent the allegations set forth in Paragraph "186" of the Amended Complaint call for a legal conclusion. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "186" of the Amended Complaint and refer

the Court to the statutory provision referenced therein for a true and correct statement of its contents.

## AS TO "PRAYER FOR RELIEF"

Defendants deny each allegation set forth in the "WHEREFORE" clause and "Prayer for Relief" of the Complaint, including subparts (A) through (O) contained therein.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## AS AND FOR DEFENDANTS' FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## AS AND FOR DEFENDANTS' SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the *de minimis* doctrine. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' THIRD DEFENSE

The Amended Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiffs failed to report or give notice of the allegations upon which they base the claims in the Amended Complaint to Plaintiffs' employer and/or failed to avail themselves of their alleged employer's internal procedures, means, or methods relating to violations, grievances, complaints, or disputes. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' FOURTH DEFENSE

Subject to proof through discovery, some or all of Plaintiffs' claims are barred by the

doctrines of laches, estoppel, offset, recoupment, waiver and/or other equitable defenses. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' FIFTH DEFENSE

Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law. This defense may apply to the claims of some or all of the alleged class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' SIXTH DEFENSE

Subject to proof through discovery, Plaintiffs are not entitled to some or all of the relief sought under the doctrine of consent or because they otherwise fall within a classification of individuals who may not recover under the causes of action alleged. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, and payment. This defense may apply to the claims of some or all of the alleged class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 7 or 13 of the Fair Labor Standards Act, 29 U.S.C. § 207 and 29 U.S.C. § 213, or any other exemption set forth in the Fair Labor Standards Act and/or applicable state laws. This defense may apply to the claims of some or all of the alleged class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' NINTH DEFENSE

Plaintiffs' claims should be dismissed to the extent they are barred, in whole, or in part, by

23

the applicable limitations periods.

## AS AND FOR DEFENDANTS' TENTH DEFENSE

To the extent any of the Plaintiffs lack a claim under the Fair Labor Standards Act, there is no subject matter jurisdiction over a non-federal claim by such person in this Court. This defense may apply to the claims of some or all of the alleged class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' ELEVENTH DEFENSE

Plaintiffs are barred from recovery to the extent they failed to mitigate their damages. This defense may apply to the claims of some or all of the alleged class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' TWELFTH DEFENSE

Plaintiffs have not satisfied the requirements of Section 216(b) of the FLSA and thus, this action cannot be maintained as a collective action.

## AS AND FOR DEFENDANTS' THIRTEENTH DEFENSE

Plaintiffs have not satisfied the requirements of Rule 23(a), 23(b)(2), or 23(b)(3) of the Federal Rules of Civil Procedure and thus, this action cannot be maintained as a class action.

## AS AND FOR DEFENDANTS' FOURTEENTH DEFENSE

To the extent any Plaintiffs have signed a release and/or waiver encompassing claims alleged in the Amended Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by such release, waiver or agreement. This defense may apply to the claims of some or all of the class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' FIFTEENTH DEFENSE

To the extent Plaintiffs are subject to an applicable binding alternative dispute resolution

24

agreement, their claims cannot be brought as part of this action. This defense may apply to the claims of some or all of the class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, credits, and/or offsets under the FLSA and/or state law. This defense may apply to the claims of some or all of the class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' SEVENTEENTH DEFENSE

Any actions by any of the Defendants with respect to the Plaintiffs, individually or collectively, were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, pursuant to 29 U.S.C. § 259 and applicable state laws. This defense may apply to the claims of some or all of the class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' EIGHTEENTH DEFENSE

Any actions by any of the Defendants with respect to the Plaintiffs, individually or collectively, were taken in good faith with reasonable grounds to believe such conduct comported with applicable law, including the FLSA and 29 U.S.C. § 260. This defense may apply to the claims of some or all of the class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' NINETEENTH DEFENSE

Plaintiffs are not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendants did not willfully, knowingly, or intentionally fail to comply with the provisions of the FLSA and/or other applicable state law. This defense may apply to the claims of some or all of the class or collective of allegedly similarly situated persons.

## AS AND FOR DEFENDANTS' TWENTIETH DEFENSE

Plaintiffs lack standing to bring claims against Defendants because Defendants were not Plaintiffs' "employer" within the meaning of the FLSA and/or applicable state laws. This defense may apply to the claims of some or all of the class or collective of allegedly similarly situated persons.

### AS AND FOR DEFENDANTS' TWENTY-FIRST DEFENSE

Even if Plaintiffs prevail, their damage claims, including claims for liquidated damages, penalties, and pre- and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other. This defense may apply to the claims of some or all of the class or collective of allegedly similarly situated persons.

### AS AND FOR DEFENDANTS' TWENTY-SECOND DEFENSE

The Amended Complaint, and each and every purported claim for relief alleged therein, is barred because any recovery from Defendants would result in the unjust enrichment of Plaintiffs. This defense may apply to the claims of some or all of the class or collective of allegedly similarly situated persons.

### AS AND FOR DEFENDANTS' TWENTY-THIRD DEFENSE

Plaintiffs' claims under the FLSA and/or state law are barred to the extent Plaintiffs, or any other person on whose behalf Plaintiffs seek to assert a claim, submitted false and inaccurate time records or failed to report time they claim to have worked in contravention of Defendants' policies requiring Plaintiffs and all other employees to report all of their working time. Such claims are barred in whole or in part by the application of the doctrines of estoppel and unclean hands, or the time is not compensable under the FLSA and/or state law.

### AS AND FOR DEFENDANTS' TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred by application of the doctrine of payment. Plaintiffs and all

other persons on whose behalf Plaintiffs seek to assert a claim have been paid all wages due.

### AS AND FOR DEFENDANTS' TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs seeks compensation for activities that are non-compensable, as preliminary and postliminary activities to Plaintiff's principal activities which they or other putative class members performed.

### AS AND FOR DEFENDANTS' TWENTY-SIXTH DEFENSE

To the extent Defendants deducted any wages from Plaintiffs, such deductions were authorized and lawful under the under the FLSA and/or state law.

### AS AND FOR DEFENDANTS' TWENTY-SEVENTH DEFENSE

Plaintiffs were terminated for just cause.

### AS AND FOR DEFENDANTS' TWENTY-EIGHTH DEFENSE

Defendants are not proper parties to this action.

### AS AND FOR DEFENDANTS' TWENTY-NINTH DEFENSE

Defendants Xuefeng Gao a/k/a Ellen Gai, Qijun Chen a/k/a Jeny Chen, Yuwu Liu a/k/a Leo Liu cannot be personally liable for alleged wrongful discharge.

### AS AND FOR DEFENDANTS' THIRTIETH DEFENSE

Plaintiffs' retaliation claims should be dismissed because all actions taken by Defendants with respect to them were undertaken in good faith and for legitimate business reasons unrelated to any unlawful consideration.

### AS AND FOR DEFENDANTS' THIRTY-FIRST DEFENSE

Plaintiffs are not statutory "employees" as defined by the FLSA and/or applicable state wage and hour laws.

### AS AND FOR DEFENDANTS' THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, at all times material to the Amended Complaint, Defendants properly classified Plaintiffs as exempt from provisions of the FLSA and/or applicable state wage and hour laws.

### AS AND FOR DEFENDANTS' THIRTY-THIRD DEFENSE

Defendants have the right to offset any wage obligation by the cost of any facilities provided pursuant to 29 U.S.C. § 203(m).

### AS AND FOR DEFENDANTS' THIRTY-FOURTH DEFENSE

Defendants engaged in no willful misconduct.

### AS AND FOR DEFENDANTS' THIRTY-FIFTH DEFENSE

Defendants did not receive any benefit from many of the claimed hours allegedly performed by Plaintiffs.

### AS AND FOR DEFENDANTS' THIRTY-SIXTH DEFENSE

Plaintiffs are not entitled to wages for work time that was used for personal reasons that have no connection with Defendants.

### AS AND FOR DEFENDANTS' THIRTY-SEVENTH DEFENSE

Those Plaintiffs who are not exempt from the FLSA, did not accrue compensatory time in excess of the amount permitted by the FLSA.

### AS AND FOR DEFENDANTS' THIRTY-EIGHTH DEFENSE

In the event Plaintiffs are otherwise entitled to an award of damages against defendant for alleged unpaid wages, certain aspects of Plaintiffs' compensation must be excluded from the regular rate of pay calculation under 29 U.S.C. § 207(e).  This defense may apply to the claims of some or all of the alleged class or collective of allegedly similarly situated persons.

### AS AND FOR DEFENDANTS' THIRTY-NINTH DEFENSE

Any award of damages is barred or reduced by payments made by any of the Defendants for pay Plaintiffs were not entitled to under the applicable wage & hour law.  This defense may apply to the claims of some or all of the alleged class or collective of allegedly similarly situated persons.

### AS AND FOR DEFENDANTS' FORTIETH DEFENSE

Plaintiffs are not entitled to prejudgment interest.

### AS AND FOR DEFENDANTS' FORTY-FIRST DEFENSE

Defendants are entitled to recover costs of Court and attorneys' fees for the defense of Plaintiffs' action because this action is frivolous and without foundation in law or in fact.

### AS AND FOR DEFENDANTS' FORTY-SECOND DEFENSE

Plaintiffs' claims are not representative of a class of similarly situated employees so that this action cannot be properly brought as a collective action under the Fair Labor Standard Act.

### AS AND FOR DEFENDANTS' FORTY-THIRD DEFENSE

This action cannot be maintained as a collective or class action because Plaintiffs and/or their counsel are not adequate representatives for the proposed collective and class action.

### AS AND FOR DEFENDANTS' FORTY-FOURTH DEFENSE

Certification of a class or collective is inappropriate because an independent and individualized analysis of the claims of each Plaintiff, opt-in Plaintiff, and putative class member, and each of Defendants' defenses thereto, is required.

### AS AND FOR DEFENDANTS' FORTY-FIFTH DEFENSE

This court lacks jurisdiction, both original and supplemental, over any member of the putative class who does not expressly "opt in" to the collective action in accordance with 29 U.S.C. § 216(b).

## AS AND FOR DEFENDANTS' FORTY-SIXTH DEFENSE

Plaintiffs' proposed class is not adequately defined.

## AS AND FOR DEFENDANTS' FORTY-SEVENTH DEFENSE

Plaintiffs have failed to show that the class is so numerous that joinder of all members is impracticable.

## AS AND FOR DEFENDANTS' FORTY-EIGHTH DEFENSE

Plaintiffs' claims are not representative or typical of the claims of the putative class.

## AS AND FOR DEFENDANTS' FORTY-NINTH DEFENSE

This action cannot be maintained as a collective or class action because Plaintiffs and/or their counsel are not adequate representatives of the proposed collective and class action.

## ADDITIONAL RESPONSES

In addition to the foregoing defenses, Defendants retain the right to amend its Answer to raise additional affirmative and other defenses as such defenses become known during this litigation.

WHEREFORE, Defendants' respectfully requests that the Court:

(a)   Dismiss the Amended Complaint in its entirety with prejudice;

(b)   Denies each and every demand and prayer for relief contained therein;

(c)   Awards Defendants its costs and attorneys' fees incurred in defending this action;

(d)   Enters judgment in favor of Defendants, and against Plaintiffs; and

(e)   Grants such other and further relief to Defendants as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.

666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Dated: June 6, 2025          By:     */s Evan B. Citron*
    New York, New York               Evan B. Citron
                                           Christian M. Mercado

                                         ATTORNEYS FOR DEFENDANTS